IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY FORMERLY KNOWN AS BANKERS TRUST COMPANY OF CALIFORNIA, N.A., AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2001-2, ASSET-BACKED CERTIFICATES, SERIES 2001-2,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND B. ALDERSON AND FRANCES ALDERSON,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 3:16-cv-343 |

## FINAL DEFAULT JUDGMENT

On this date came on to be considered the *Motion for Default Judgment* ("Motion") of Plaintiff Deutsche Bank National Trust Company formerly known as Bankers Trust Company of California, N.A., as Trustee for Long Beach Mortgage Loan Trust 2001-2, Asset-Backed Certificates, Series 2001-2 ("Plaintiff" or "Deutsche Bank") against Defendant Raymond B. Alderson ("Defendant"). Having considered the Motion, the pleadings, and any responses and replies thereto on file, the Court determines that the Motion bears merit and should be granted in its entirety.

I.

Plaintiff's *Original Complaint* ("Complaint") was served on Defendant Raymond B. Alderson, according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant Raymond B.

Alderson. The Court further finds that Plaintiff does not seek monetary damages against Defendant Raymond B. Alderson, but instead seeks certain declarations and a judgment allowing foreclosure of the real property that is the subject of this matter.

## II.

In light of Defendant Raymond B. Alderson's default and the nature of Plaintiff's claims against him, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendant Raymond B. Alderson. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Texas Home Equity Note* in the original principal amount of $75,000.00 executed on or about April 25, 2001 by Raymond B. Alderson and Frances Alderson and payable to Long Beach Mortgage Company (hereinafter "Note"). It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain *Texas Home Security Instrument* dated April 25, 2001, signed by Raymond B. Alderson and Frances Alderson (hereafter "Security Instrument"), provides Plaintiff, as the mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 1611 Pecan Hollow Street, Pearland, Texas 77581 ("Property") and more particularly described as follows:

> LOT SIX (6), IN BLOCK SEVEN (7), OF DIXIE HOLLOW SUBDIVISION, A SUBDIVISION IN BRAZORIA COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 15, PAGE 187 AND 188 OF THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS.

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff, its successors and assigns, is the current legal owner and holder of the Note and beneficiary of the Security Instrument as owner and holder of the Note. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, plus all contractual interest, escrow advances, fees, costs and other items in the Loan Agreement that are recoverable and have accrued since that date; prejudgment interest; post-judgment interest; and costs of court, all of which are at least $303,006.70 as of June 24, 2019. It is further,

**ORDERED, ADJUDGED AND DECREED** that due to event of default on the Note, Plaintiff, or its successors or assigns, may enforce its security interest against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that the purchaser at the foreclosure sale authorized by this order will be vested with full ownership in the Property including all interest held by the Defendant in this case. It is further,

**ORDERED, ADJUDGED AND DECREED** that Deutsche Bank may further communicate with the Defendant and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all foreclosure notices shall be mailed to the subject property at 1611 Pecan Hollow Street, Pearland, Texas 77581. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded attorney's fees and costs, to be determined by subsequent motion. It is further,

**ORDERED, ADJUDGED, AND DECREED** that any relief not specifically granted in

this Judgment is **DENIED** and any parties not otherwise disposed of are **DISMISSED**.

Signed this 3rd day of July, 2019.

_____
UNITED STATES DISTRICT JUDGE

**Approved as to form and substance:**

Respectfully submitted,

By: _/s/ Gordon W. Green_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**GORDON W. GREEN**
Texas Bar No. 24083102
ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2670
Fax: 214-635-2686
*Attorneys for Plaintiff*